UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

VICTOR CUEVAS,

                           **Plaintiff,**

   vs.                                               3:14-cv-0018
                                                               (MAD)

**CAROLYN W. COLVIN,**
*Commissioner of Social Security*,

                           **Defendant.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **LACHMAN & GORTON**<br>1500 East Main Street<br>P.O. Box 89<br>Endicott, New York 13761-0089<br>Attorney for Plaintiff | **PETER A. GORTON, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>Office of Regional General Counsel<br>Region II<br>26 Federal Plaza, Room 3904<br>New York, New York 10278<br>Attorney for Defendant | **SERGEI ADEN, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

       On January 7, 2014, Plaintiff commenced an action in this Court, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Victor Cuevas' ("Plaintiff") applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *See* Dkt. No. 1. In her decision, the Commissioner adopted the Administrative Law Judge's (the "ALJ") determination that Plaintiff did not qualify as "disabled" under the Social Security Act and that Plaintiff was not entitled to DIB and SSI. *See* Dkt. No. 9 at 13-26.

On September 10, 2015, upon review, the Court found that the ALJ's decision to give the greatest weight to the opinion of Dr. Jensen, a non-examining adviser, was not supported by substantial evidence, and that at the time of Plaintiff's hearing, it was a legal error to permit a medical expert to appear at a hearing by telephone. *See* Dkt. No. 15 at 13-14. The Court therefore reversed the ALJ's determination and remanded the case for further proceedings consistent with the Court's decision. *See id.* at 16.

On March 3, 2017, on remand, the ALJ issued a favorable decision to Plaintiff. *See* Dkt. No. 21-3 at 2. The ALJ found that the Plaintiff had been disabled since September 5, 2012, and he was therefore entitled to DIB and SSI. *See id.* at 7, 14. After receiving this decision, Plaintiff passed away. *See* Dkt. No. 21-1 at 1. On April 2, 2018, Plaintiff's lawyer and his alleged representative, his sister, Dominga Cruz, filed a motion to compel in this Court. *See id.* They claim that although it has been one year since the favorable decision, "no award letter has been sent. . . , no benefits have been paid[,] and certainly no fee has been withheld or paid." *Id.* The motion asks the Court "to require the Defendant to comply with the Order of this Court" and "to complete payment in this matter withholding 25% of said payment for attorney fees." *Id.* Defendant has opposed Plaintiff's motion based on, *inter alia*, Plaintiff's failure to identify any legal basis for his claims, failure to properly substitute the party, and mootness. *See* Dkt. No. 22 at 2. As Defendant correctly contends, Plaintiff's motion must be denied.

First, Plaintiff does not identify any legal basis for his claim or cite any legal authority in support of his motion to compel. *See* Dkt. No. 21-1. Second, the Court finds that no party was properly substituted in this action after Plaintiff passed away. Rule 25(a)(1) of Federal Rules of Civil Procedure provides that "[i]f a party dies and the claim is not extinguished, . . . [a] motion for substitution may be made by any party or by the decedent's successor or representative." Fed.

R. Civ. P. 25(a)(1). Courts have held "the rule to permit 'a motion to substitute to be made either by the estate of the deceased party (presumably acting through counsel for the estate) or by any other party, but not by the deceased party herself or himself (acting through counsel).'" *McConnell v. Colvin*, No. 12 CV 01829, 2014 WL 5660377, *5 (N.D.N.Y. Sept. 5, 2014) (citing *Al-Jundi v. Rockefeller*, 88 F.R.D. 244, 246 (W.D.N.Y. 1980)); *see also Boggs v. Dravo Corp.*, 532 F.2d 897, 900 (3d Cir. 1976) (noting that even "the most liberal construction of the Rule would not permit substitution of a party's attorney who did not have status as a legal representative of the deceased party's estate"). Further, "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). In the present matter, assuming that the claim is not extinguished, no motion to substitute was ever filed. In addition, there is no evidence that Plaintiff's attorney and his sister, Ms. Dominga Cruz, are acting on the behalf of Plaintiff's estate. *See* Dkt. No. 21.

Further, Plaintiff's motion is moot. In his motion to compel, Plaintiff's attorney asks the Court to require Defendant "to release funds available to the estate of the Plaintiff" and "withold[] 25% of said payment for attorney fees." *See* Dkt. Nos. 21, 21-1. After Plaintiff filed the motion, Defendant claims that the agency issued two additional notice of award letters, which released Plaintiff's benefit funds and made it fully available to eligible individuals and entities as well as withheld twenty-five percent of the amount for attorney fees. *See* Dkt. No. 22 at 3-10.

Lastly, the Court notes that Plaintiff's motion asks the "Court to require the Defendant to comply with [the previous] Order of this Court." Defendant, however, has already complied with the Court's previous Order. Upon review of the ALJ's unfavorable decision, the Court reversed and remanded the case to the Commissioner in light of the ALJ's error in assigning Dr. Jensen's

opinion the greatest weight and legal error in permitting a medical expert to appear at a hearing by telephone. *See* Dkt. No. 15 at 13-14. Upon remand, the ALJ issued a favorable decision to Plaintiff, and, therefore, fully complied with this Court's Order. *See* Dkt. No. 21-3 at 2-15. The scope of review was limited to the issue of whether or not Plaintiff was "disabled" under the Social Security Act. *See* Dkt. No. 15. Therefore, Plaintiff cannot ask this Court to compel Defendant to effectuate payments of the benefits pursuant to the Court's prior Order because this is beyond the scope of the Court's previous decision. *See Pohlmeyer v. Secretary of Health and Human Services*, 939 F.2d 318, 320-21 (6th Cir. 1991) (holding that the district court could not reopen its case to review the amount of benefits because the previous order was solely decided on the question of disability).

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion to compel (Dkt. No. 21) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 9, 2018
      Albany, New York

*[signature]*
Mae A. D'Agostino
U.S. District Judge